FILED

2023 MAY 12 PM 3: 29

CLERK. US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CR

| | |
|---|---|
| **DAVID ANDERSEN,** | CIVIL ACTION NO. 1 : 23 CV 00538 |
| PLAINTIFF, | |
| vs. | JUDGE: **RP** |
| **TEXAS ATTORNEY GENERAL KEN PAXTON,** sued in his official capacity, **THE CITY OF GRANITE SHOALS, KIRK JOWERS** sued in his individual and official capacity, **PRESTON WILLIAMS,** sued in his individual and official capacity, **PEGGY SMITH,** sued in her individual and official capacity, **GRANITE SHOALS CITY ATTORNEY JOSHUA KATZ,** sued in his official capacity, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REGULATORY TAKINGS** **JURY DEMAND** |
| Defendants. | |

## I. INTRODUCTION

1.   Plaintiff, David Andersen, ("Plaintiff") brings this action for Declaratory

and Injunctive relief, money damages, civil and criminal penalties for

violations of The Vagueness Doctrine of the Fifth Amendment, The Substantial

Overbreadth Doctrine of the Fifth Amendment, and violations of the First, Fifth

and Fourteenth Amendments  to the Constitution of the United States, as well

1.

as violations of 42 U.S.C § 1983, and 18 U.S.C § 242 which makes it a federal

crime for any government employee to violate a citizens civil or constitutional

rights.  This case also involves Regulatory Takings as well.

2,   On or about December 2022, Plaintiff found a notice from the city of Granite

Shoals laying on the ground next to his fence.  The notice was from Granite

Shoals Code Enforcement Police Officer, Preston Williams, ("Williams")

accusing the Plaintiff of violating several City Codes.

The codes Plaintiff is accused of violating are the following:

A.  Granite Shoals City Code Section **24-71**  (Junked Vehicle)

B.  Granite Shoals City Code Section **8-135(a)**  (Trash, Debris, and
    Objectionable Matter).

C.  Granite Shoals City Code Section **40-60(p)** (Fencing)

D.  Granite Shoals City Code Section **8-76** (Construction permits)

**(Exhibits 1-5)**

3.  Plaintiff was in the middle of construction of a shop and was told by

Williams that he needed a permit and to stop further construction immediately

until he secured one.

4.  Plaintiff immediately stopped construction of the shop like he was told, and

has still not had his permit application even considered since December of 2022

in violation of his rights and constitutional standards.  Plaintiff was also

threatened by the Granite Shoals Chief of Police not to put another "nut or bolt"

2.

on his building implying he would be arrested if he did.

## II. JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action pursuant 28 U.S.C. §§ 1331 and

1343 as this action is brought under the First, Fifth and Fourteenth

Amendments of the United States Constitution and 42 U.S.C § 1983, to redress

the deprivation of rights, privileges and immunities guaranteed to Mr. Andersen

by constitutional and statutory provisions.  Plaintiff's claims for Injunctive and

Declaratory relief are authorized under 28 U.S.C. § 2202.

6.   Venue is proper in the district court under 28 U.S.C. § 1391 because the

acts, events or omissions giving rise to this claim occurred in Granite Shoals,

Texas, which falls within the Unites States District Court for the Western

District  of Texas.

## III. PARTIES

7.    Plaintiff, DAVID ANDERSEN, is a citizen of the United States currently

residing in Granite Shoals, Texas which is located in Butler County.

8.   Defendant, PEGGY SMITH, upon information and belief, is a resident of

Granite Shoals, Texas, and at all times material herein was a city employee

acting in the course and scope of her employment for the CITY OF GRANITE

SHOALS.  Peggy Smith is being sued in her official and individual capacity.

9.   Defendant, CITY OF GRANITE SHOALS, ("The City") is a unit of

government organized under the Constitution and laws of the State of Texas.

3.

10.    Defendant, KIRK JOWERS, ("Jowers") upon information and belief, is a resident of Granite Shoals, Texas and at all times material herein was a city employee acting in the course and scope of his employment for the CITY OF GRANITE SHOALS.  Kirk Jowers is being sued in his official and individual capacity for claiming that the Plaintiff's architectural plans were lost twice.

11.    Defendant, PRESTON WILLIAMS, ("Williams") upon information and belief, is a resident of Granite Shoals, Texas and at all times material herein was a city employee acting in the course and scope of his employment for THE CITY OF GRANITE SHOALS.  Preston Williams is being sued in his individual and official capacity.

12.    Defendant, KEN PAXTON, ("State of Texas") is the Texas Attorney General and is responsible for the laws and enforcement of the laws in the State of Texas. Attorney General KEN PAXTON is sued in his official capacity.

13.    Defendant, JOSHUA KATZ, ("Katz") is the Attorney for The City of Granite Shoals and is responsible for the enforcement of the laws in Granite Shoals, Texas and at all times material herein was a city employee acting in the course and scope of his employment for THE CITY OF GRANITE SHOALS.  Joshua Katz is sued in his official capacity.

## IV. FACTUAL ALLEGATIONS

14.  The Plaintiff has been operating a car restoration business at 1503 Kings Oak Road, Granite Shoals, Texas since 2010.  He was putting up a building in

4.

December of 2022 to be used as a shop so he can work inside in bad weather.

15.  Plaintiff was told by Granite Shoals Code Enforcement Officers Williams and Jowers that he needed a permit to construct the building.  Plaintiff went and had architectural plans prepared, and brought them to the Granite Shoals building permit office to be approved for the permit.

16.  Plaintiff received a visit from Granite Shoals Code Enforcement Officers Williams and Jowers telling the Plaintiff that they lost his architectural plans and that he needed to bring in another copy of them.  Plaintiff complied and brought in a 2nd copy of the building plans.

17.  Plaintiff received a 2nd visit from Jowers and Williams telling him that they lost his 2nd set of plans and that he needed to bring in a 3rd set of plans.

18.  Plaintiff brought in a 3rd set of plans but was now told he had to submit them electronically and they would not accept his plans in person.

19.  Plaintiff did as he was told and submitted his plans electronically and never heard back from Granite Shoals at all.

20.  Plaintiff went to the Granite Shoals city building to find out what was going on with his permit.  Plaintiff was told by Peggy Smith ("Smith"), that he was not getting his permit until he took care of the code violations even though he pled not guilty to the violations and that was a separate matter.  She then told the Plaintiff that even if he complied with the code violations he still was not getting his permit.

5.

21.  Plaintiff asserts that the laws that Granite Shoals are charging him with are unconstitutional because they are too vague, substantially overbroad, and a violation of his constitutional rights as a property owner. Plaintiff also asserts that Granite Shoals employees have acted with deliberate indifference and have ratified their own actions by continuing to violate the Plaintiff's rights.

## V. JUNKED VEHICLES

22.  Texas law § 94.025 and Granite Shoals Police Code § 24-71 says that if a vehicle is inoperable for more than 30 days and it is on a private property it is "Junked" if the vehicle does not have the following:

1, Current license plates
2, A current inspection sticker
3. Does not display a license plate

23.  These requirements are a violation of the Plaintiff's property rights because the government overreach is completely unreasonable in this situation. Plaintiff has been operating a legal business repairing vehicles on this property for 13 years. Plaintiff has had a D.B.A. as Thoroughbred Motors issued by Butler County, Texas at his address since 2010. He has paid taxes on his business at this address for 13 years to Butler County.

24.  Plaintiff's property is not creating a detriment to the safety and welfare of the general public. It does not constitute a hazard to the health and safety of others. His property is not detrimental to the economic welfare of the city.

25.  Because Plaintiff's property is also used as a car repair business, some of the

6.

vehicles that come in are inoperable and cannot be tagged or registered because they do not run. The only way to get an inspection sticker in Texas is if the vehicle operates. Therefore, according to Texas and the City's law, any car in the State of Texas that does not run and is without tags is Junked if it sits on a private property owners land for 30 days or more.

26.   This means that if someone buys a vehicle to restore that is newly bought, they had better have it running within 30 days or it is Junked. You cannot get tags in the State of Texas unless your vehicle is running. If the State requires vehicles that aren't running to have current tags then the law must be changed and Texas citizens should be allowed to tag their vehicles regardless of their operability.

27.   Attached as **<u>Exhibit 1</u>** is the notice Plaintiff received alleging that he has junked vehicles on his property. As can be seen in this Exhibit, there are no specific vehicles mentioned. This is a violation of the Plaintiff's rights to be informed of the "specific" charges against him. Furthermore, most of the vehicles were customers that are no longer there. Plaintiff told Granite Shoals this when he denied the allegations at a hearing in this matter.

## VI.  TRASH, DEBRIS, AND OBJECTIONABLE MATTER

28.   The State of Texas and the City's laws on Trash, Debris, and Objectionable Matter are unconstitutional because there is no definitive list of what these laws encompass. Who is the "determiner" of what Trash, Debris, or

Objectionable Matter is?  The State of Texas or the City can just "make up" any item and consider it as Trash, Debris or Objectionable Matter on a private property owners land.  Having city employees determining what someone's Trash is, what Objectionable Matter is, and what Debris is, is unconstitutional because it allows unqualified city employees to create laws that are unknown to the public (the lack of a definitive list) and bypass the legislative process.  It is also an encroachment on private property owners rights in general.

## VII. FENCING

29.    Plaintiff has a 9-lot property and has lived at his residence for 13 years. Attached as **Exhibit 6** is a picture of Plaintiff's fence.  Granted it is not the "perfectly aesthetic" fence but it is functional and keeps people out.

30.    The City's assertion that Plaintiff must put up a new fence or be fined to oblivion is a violation of Plaintiff's rights as a property owner.  The fence is not a danger to the public.  Furthermore, why is it a problem now when it hasn't been for 13 years?

31.    The Plaintiff will have to spend approximately $25,000 to put a fence in according to Granite Shoals Police Code which is completely unreasonable in this economy.  Businesses are closing by the hundreds of thousands.  People are losing their jobs by the tens of millions and Plaintiff is supposed to come up with $25,000 so he can be "in compliance" with The City's unreasonable laws.  Plaintiff

8.

also contends that he is "grandfathered in" which The City lied about to Plaintiff.

## FIRST CAUSE OF ACTION
### Declaratory Judgement

32.    Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

33.    There is an actual and present controversy between the parties regarding The State of Texas and The City's policies and Codes, and the constitutional

protections Plaintiff is entitled to consistent with the Texas and United States Constitution.

34.    Pursuant to 28 U.S.C. §2202 and Federal Rule of Civil Procedure 57, Plaintiffs seek a declaration that the State of Texas and Granite Shoals current City Codes concerning "Junked Vehicles," deny the Plaintiff's right to Due Process and Equal Protection of the Law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

35.    That the State of Texas law and The City's Code for Objectionable Matter, Debris, and Trash are "Void for Vagueness" and are "Substantially Overbroad" in violation of The Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

36.    That the Defendants have developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the Plaintiff and the residents of the State of Texas.

9.

37.   As a result of the acts described in the foregoing paragraphs, Plaintiff has proven that there is a substantial controversy of sufficient immediacy to warrant the issuance of a declaratory judgements in this matter.

## SECOND CAUSE OF ACTION
### Violation of the Plaintiffs Right to Due Process

38.   Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

39.   The Due Process Clause of the Fourteenth Amendment of the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law.

41.   Defendants, State of Texas, and The City of Granite Shoals have developed and maintained policies or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violations of the Plaintiffs rights alleged herein.

## THIRD CAUSE OF ACTION
### Deliberate Indifference and Ratification

42.   Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

43.   By impairing Plaintiff's rights without due process of law, as described herein, Defendants have deprived the Plaintiffs of substantive due process rights guaranteed by the Fourteenth Amendment of the United States Constitution.

44.     On information and belief, Defendants, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of the Plaintiff failed to implement and/or enforce the policies, procedures, and practices necessary to provide constitutionally adequate protection.

## FOURTH CAUSE OF ACTION
### Punitive/Exemplary Damages

45.     Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

46.     Defendant, Peggy Smith, has acted with deliberate indifference and callous disregard for the Plaintiff's rights to equal protection of the law by telling the Plaintiff that she would not issue him a permit under any circumstances.  Smith has illegally taken it upon herself, bypassing the judicial process, to violate the Plaintiff's constitutional rights.  Smith is therefore sued in her individual capacity as well as official.

47.     The City telling the Plaintiff that they lost his architectural plans two times, then would not accept the plans the way they told him to do was a deliberate act and amounts to the deliberate indifference to the Plaintiff's rights as a resident of Granite Shoals.

48.     The conduct of the Defendants' reaches the level of deliberate indifference to the rights of the Plaintiff and the City has ratified its own unconstitutional

actions. As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiffs rights is more than thoughtlessness, inadvertence, or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs request punitive and exemplary damages are awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## FIFTH CAUSE OF ACTION
### Injunctive Relief

49.    Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

50.    As stated herein, the Plaintiff is protected by the laws of the State of Texas, as well as those of the United States Constitution, including the First, Fifth and Fourteenth Amendments thereto.

51.    The Defendants' have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action.

52.    The Defendants' wrongful and unlawful conduct, actions and/or policies, unless enjoined and restrained by order of this court, will cause, and continue to cause, great and irreparable injury to the Plaintiff and the residents of the State of Texas, in that the Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations

12.

under state and federal law, including those under the Fifth and Fourteenth Amendments as alleged herein above.

53.     Plaintiff has no adequate remedy at law to prevent or prohibit Defendants continuing and/or repeating their unlawful and unconstitutional conduct and policies.  As such, Plaintiff seeks an order enjoining and prohibiting Defendants from enforcing these unconstitutional laws.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court order the following relief and remedies:

1). Issue a judicial declaration that the Defendants current City Code and the State of Texas law concerning Junked Vehicles is a violation of the Plaintiffs Due Process rights in violation of the Fifth and Fourteenth Amendments.

2). Issue a judicial declaration that The City's enforcement of Trash, Debris, and Objectionable Matter are an unconstitutional denial of Due Process and Equal Protection of the Law in violation of the Fifth and Fourteenth Amendments.

3). Enter a preliminary injunction, pending final resolution of this action, enjoining the Defendants from taking any action to enforce the City's Codes concerning Fencing, Junked Vehicles, Trash, Debris, Objectionable Matter, and

denying him a permit for 5 months without due process of law.

    4). A judgment in favor of the Plaintiff against the Defendants.

    5). Award the Plaintiff punitive damages for the callous and deliberate indifference of the City and its officers and/or agents in this case.

    6). Award the Plaintiff the costs of this action and loss of income.

    7). Award reasonable attorney's fees if the Plaintiff retains counsel.

    8). Award such further and additional relief as is just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with the Fed. R. Div. P. 38 (b), and the Seventh Amendment of the United States Constitution, Plaintiffs hereby demand a jury trial on all issues triable by a jury.

Respectfully Submitted,

DAVID ANDERSEN
1503 KINGS OAK ROAD
GRANITE SHOALS, TEXAS 78654
(512) 850-8578
THOROUGHBREDMOTORS63@OUTLOOK.COM

14.